IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
(GALVESTON DIVISION)

| | |
|---|---|
| ROSAMARIA GOMEZ RODRIGUEZ, Individually and as Personal Representative of the Estate of RODOLFO RODRIGUEZ, Plaintiff,  v.  UNION PACIFIC RAILROAD COMPANY, INDIVIDUALLY, AND AS SUCCESSOR-IN-INTEREST TO SOUTHERN PACIFIC TRANSPORTATION COMPANY, Defendant. | CASE #: 3:19-cv-00268 |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE
THE CAUSATION OPINION OF DANIEL CATENACCI, M.D.**

Defendant, UNION PACIFIC RAILROAD COMPANY ("Union Pacific" or "Defendant"), files this Reply in Support of its Motion to Exclude the Causation Opinion of Daniel Catenacci, M.D, and in support, shows the Court as follows:

**I.    SUMMARY**

The burden of proof in a Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60 (1908), case requires plaintiff to show the injury alleged was caused, in whole or in part, by the employer's negligence. In toxic tort cases, medical causation requires expert testimony establishing general and specific causation, subject to the rigors of a *Daubert* analysis. It is clear that the FELA's causation standard and *Daubert* are separate analyses and do not affect one another.

Plaintiff sued Union Pacific to recover for injuries, alleging that workplace exposures to asbestos caused Decedent Rodolfo Rodriguez's colon cancer. Plaintiff designated Dr. Daniel Catenacci as her medical causation expert. Union Pacific moved to exclude him from testifying at trial because his opinions are unreliable and lack a proper scientific basis.

## II.   REPLY

### A. Association Is Not Causation.

Plaintiff admits in her response that the International Agency for Research on Cancer (IARC) is "authoritative" and that while it states that asbestos is **known** to cause certain cancers, it has made no such statement about colon cancer, which is the only type at issue in this case. (Doc. 33 at 5). As Plaintiff agrees, IARC "only found an 'association' between asbestos and colon cancer" (Doc. 33 at 5-6), which is insufficient under *Daubert. See Anderson v. Bristol Myers Squibb Co.*, No. Civ. A. H-95-0003, 1998 U.S. Dist., 1998 WL 35178199, at *11-12 (S.D. Tex. Apr. 20, 1998) (noting that the fact that studies are scientifically valid for an association determination does not mean they are scientifically valid for a causation determination). If there was positive, consistent strength in the epidemiology, or even consensus in the scientific community, Dr. Catenacci is well-versed in the literature and studies and would have been able to point that out. The absence of the requisite research establishing causation is dispositive of the issue before this Court and confirms Dr. Catenacci's causation opinion is not reliable under Rule 702 and the tenets of *Daubert.*

Plaintiff argues that there may be "significant new information" to change this classification, but none of the "new information" on which Dr. Catenacci relies finds anything other than mere association, either. (*See* Doc. 33 at 7-8)(citing studies finding that "asbestos exposure was *associated with* overall gastric cancer," that "colon cancer was significantly

*associated with* cumulative exposure," and that "asbestos was significantly *associated with* colorectal cancer"). With this argument, Plaintiff urges the law to lead science, finding legal causation when science has not yet taken that step, "a sequence not countenanced by *Daubert*." *Wells v. SmithKline Beecham Corp.*, 601 F.3d 375, 381 (5th Cir. 2010)(*citing Rosen v. Ciba–Geigy Corp.*, 78 F.3d 316, 319 (7th Cir.1996) "Law lags science; it does not lead it"). Finally, Plaintiff's known comorbidities (smoking, obesity and diabetes) render literature finding an "association" non-similar and non-supportive of Dr. Catenacci's causation opinion in this case.

### B. Dose-Response Correlation Is Critical

Plaintiff's Opposition fails to rebut that Dr. Catenacci does not rely on or examine the nature or extent of alleged asbestos exposure, only rather that it allegedly existed in Decedent's tenure with the railroad. Dose-response is an essential element of Plaintiff's burden of proof on the admissibility of medical causation evidence. *See Mattis v. Carlon Elec. Prod.*, 295 F.3d 856, 860 (8th Cir. 2002); *Savage v. Union Pac. R.R. Co.*, 67 F. Supp. 2d 1021 (E.D. Ark. 1999). Plaintiff argues that dose-response is not important because asbestos is a Group 1 substance under IARC, but this "no-threshold" theory of liability has been universally rejected by Courts in toxic substance cases. *See Bell v. Foster Wheeler Energy Corp.*, No. 15-6394, 2016 WL 5847124 (E.D. La. Oct. 6, 2016); *Vedros v. Northrop Grumman Shipbuilding, Inc.*, 119 F.Supp.3d 556, 563 (E.D. La. 2015); *Comardelle v. Pa. Gen. Ins. Co.*, 76 F.Supp.3d 628, 633–35 (E.D. La. 2015); *Yates*, 113 F.Supp.3d at 848; *Krik v. Crane Co.*, 76 F.Supp.3d 747, 749–50 (N.D. Ill. 2014); *Sclafani v. Air & Liquid Sys. Corp.*, No. 12-3013, 2013 WL 2477077, at *5 (C.D. Cal. May 9, 2013); *Smith v. Ford Motor Co.*, 08-630, 2013 WL 214378, at *2 (D. Utah Jan. 18, 2013); *Henricksen v. Conoco Phillips Co.*, 605 F.Supp.2d 1142, 1166 (E.D. Wash. 2009); *Dempster v. Lamorak Insurance Co.*, no. 20-95, 2020 WL 5552633 (E.D. La. Sept. 16, 2020). Rejection of the no-threshold theory is

reasonable because all humans are exposed to background levels of various toxins, include those at issue here, from various sources throughout their lives. For these reasons, Dr. Catenacci's report is insufficient under a *Daubert* and Rule 702 analysis.

C. **Admissibility of Expert Evidence Under Rule 702 is Not Modified by the FELA**

Plaintiff continues to improperly conflate the burden of admissibility of expert evidence with the burden of proof under the FELA. Every federal court of appeals to consider the relationship between the admissibility of expert evidence and the FELA post-*Daubert* concludes the FELA does not alter the Rule 702 or *Daubert* standards. *See Wills v. Amerada Hess Corp.*, 379 F.3d 32, 46–47 (2d Cir. 2004) ("We agree that even where, as here, plaintiff faces a relaxed burden of proof with regard to causation, the district court's admission of expert testimony is nonetheless governed by the strictures of Rule 702 and Daubert."); *Schindler v. Dravo Basic Materials Co.*, 790 F. App'x 621, 624 (5th Cir. 2019) ("The standards of reliability and credibility to determine the admissibility of expert testimony under *Daubert* and Rule 702 apply regardless [of] whether a seaman's burden on proximate causation is reduced."); *Walker v. Soo Line R.R.*, 208 F.3d 581, 586 (7th Cir. 2000) (applying the unmodified *Daubert* standard to an expert in a FELA action); *Taylor v. Consol. Rail Corp.*, 114 F.3d 1189 (6th Cir. 1997) (unpublished table decision) (same); *Claar v. Burlington N. R.R.*, 29 F.3d 499, 503 (9th Cir. 1994) ("The standard of causation under FELA and the standards for admission of expert testimony under the Federal Rules of Evidence are distinct issues and do not affect one another.").

In addition, courts across the United States hold that the FELA does not modify Rule 702 or *Daubert*. *See e.g.*, *King v. Union Pac. R.R.*, No. 8:18-cv-79, 2020 U.S. Dist. LEXIS 99513, at *17 (D. Neb. June 5, 2020); *Phlypo v. BNSF Ry. Co.*, No. 4:17-cv-566, 2019 U.S. Dist. LEXIS

94094, at *20 n.8 (N.D. Tex. Mar. 27, 2019); *Smart v. BNSF Ry. Co.*, 369 P.3d 966, 971–72 (Kan. Ct. App. 2016); *McNeel v. Union Pac. R.R.*, 753 N.W.2d 321, 328–30 (Neb. 2008); *Bowers v. Norfolk S. Corp.*, 537 F. Supp. 2d 1343, 1352 (M.D. Ga. 2007); *Jenkins v. CSX Transp.*, 649 S.E.2d 294, 304–05 (W. Va. 2007). The law is abundantly clear on this point and this Court must reject Plaintiff's argument finding the Rule 702/*Daubert* analysis is undeniably distinct from the FELA.

### III.  CONCLUSION

For these reasons, Dr. Catenacci's expert causation opinions should be excluded for not satisfying the requirements of Rule 702, 703, 705, and *Daubert*. Defendant further requests any other relief to which it may be justly entitled.

Respectfully submitted,

COZEN O'CONNOR

*/s/ Gregory S. Hudson*
Gregory S. Hudson, *Attorney-in-Charge*
Texas State Bar No. 00790929
Federal Bar No. 19006
E-mail: ghudson@cozen.com
Julia Gandara Simonet
Texas Bar No. 24093470
Federal Bar No. 3207647
E-mail: jsimonet@cozen.com
1221 McKinney St., Suite 2900
Houston, Texas 77010
Telephone: (832) 214-3900
Facsimile: (832) 214-3905

***Attorneys for Defendant, Union Pacific Railroad Company***

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been served on Plaintiff's counsel listed below via electronic mail, the CM/ECF system and/or other means in compliance with the Federal Rules of Civil Procedure, on November 17, 2020.

>Arnold Anderson Vickery
>(Email: andy@justiceseekers.com)
>Fred H. Shepherd
>(Email: fred@justiceseekers.com)
>Brian B. Winegar
>(Email: brian@justiceseekers.com)
>Earl Landers Vickery
>(Email: lanny@justiceseekers.com)
>VICKERY & SHEPHERD, LLP
>10000 Memorial Drive, Suite 750
>Houston, Texas 77024-3485

>*/s/ Gregory S. Hudson*
>Gregory S. Hudson